B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Mark Cotton<br>Julie Cotton | **DEFENDANTS**<br>Laurel Collins |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>pro se | **ATTORNEYS** (If Known)<br>Michael Goldstein<br>Phillips Law LLC - 161 S Main St Bldg 2 Floor 2<br>Middleton MA 01949 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

We are seeking a denial of claim for bankruptcy under 523(a)(2) and 523(a)(6).

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 2500.00 plus fees + costs |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR  Laurel Collins | BANKRUPTCY CASE NO. #20-11943 | | |
| DISTRICT IN WHICH CASE IS PENDING  District of Massachusetts | DIVISION OFFICE  Boston | NAME OF JUDGE  Frank Bailey | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)  *[signatures]* | | | |
| DATE  12/31/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  Julie Cotton  Mark Cotton | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE MASSACHUSETTS
(Boston Division)

| | |
|---|---|
| In re:<br><br>Laurel Collins,<br><br>   Debtor. | Case No: 20-11943<br>(Chapter 7)<br><br>Adversary No: |

## COMPLAINT

Plaintiffs Mark and Julie Cotton (the "Creditors") are filing this Complaint pursuant to Fed. R. Bankr. P. 7003, and allege the following in support of the requested relief:

## JURISDICTION

1. This is an adversary proceeding in which Creditors are seeking that this Court deny the Debtor's request for discharge of the debt owed to Creditors.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

4. Creditors have standing to bring this action pursuant to Fed. R. Bankr. P. 4007(a).

5. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND FACTS

6. In August of 2017, Creditors entered into a contract with Debtor to provide educational advocacy services on behalf of two of their minor children who are diagnosed with

Autism Spectrum Disorder. After a few months, Creditors became concerned with the Debtor's erratic behavior and carefully discharged her services in November of 2017.

7. As part of the contract between the parties, Debtor agreed to keep any and all details regarding the work she did for Creditors' children confidential.

8. A year and a half later in March of 2019, Debtor posted a video of one of Creditors' children on Twitter and Facebook. This video included the child's face, name, and the name of her school.

9. Creditors were upset about this violation of their family's privacy and immediately requested that Debtor remove the video, but Debtor refused. Debtor made several more twitter posts in further retaliation and then sent Creditor Julie Cotton several private messages on Twitter, calling the Creditors "pathetic," mocking them for the diagnosis of their youngest child, saying she "know(s) enough teachers/aides at [children's school]" to have access to information about the children, and threatening to "go to the BBO" and jeopardize Creditor Mark Cotton, who is licensed as an attorney in good standing with the Commonwealth of Massachusetts.

10. Disturbed and upset by Debtor's actions, Creditors filed a complaint against Debtor in Woburn District Court on September 6, 2019, Docket #1953SC001109 (the "District Court Action").

11. During the District Court Action, in November of 2019, Creditors received two emails in the middle of the night from a person only identified as "Cat Armstrong." "Cat Armstrong" professed to be a friend of Debtor and made a number of statements indicating their beliefs about Creditors' lawsuit, Creditors' children's educational needs, and other statements

indicating a knowledge of Debtor's family life and her own child's educational experiences as well.

12. In addition to being aware of intimate details regarding the case at hand, which in and of itself speaks to the issues of confidentiality that gave rise to Creditors' claims in the first place, "Cat Armstrong" insinuated that a BBO complaint would be filed against Creditor Mark Cotton unless the matter was dropped.

13. Creditors were understandably alarmed and upset due to (i) "Cat Armstrong's" level of knowledge about their family, (ii) the threats made against Mark Cotton, and (iii) the violation of the privacy and safety of their family from this stranger.

14. During preparations for the pending lawsuit against Debtor, Creditors began to believe that Debtor had misrepresented a number of things to Creditors regarding her professional qualifications. These include but are not limited to Debtor's education, previous jobs she may or may not have held, and teaching appointments she may or may not have had. The nature of these revelations are such that Creditors would never have hired Debtor and given her access to sensitive information about their children and family had Debtor not misrepresented her professional qualifications.

15. On November 27, 2019, Attorney Michael Goldstein filed an appearance on Debtor's behalf in the District Court Action. Attorney Goldstein is also the attorney of record representing Debtor in these bankruptcy proceedings.

16. Due to several delays by Debtor, and the ongoing Covid-19 heath crisis, the parties were finally scheduled for a virtual hearing on September 28, 2020. Prior to the hearing date, Attorney Goldstein requested and was given a settlement proposal from Creditors on

September 23, 2020. However, after Attorney Goldstein received the settlement he did not respond to Creditors' counsel's attempts to contact him for two days. On September 25, 2020, Attorney Goldstein informed Creditors through their counsel that Debtor had filed for bankruptcy.

17. On November 3, 2020, Creditors participated in the Rule 341 Meeting of Creditors via telephone. During the Meeting of Creditors, Creditors asked Debtor a number of direct questions under oath. As a result of the answers provided by Debtor, Creditors have reason to believe that Debtor made a number of additional misrepresentations under oath, including but not limited to her professional qualifications.

## COUNT I
## NON-DISCHARGEABILITY OF DEBT UNDER SECTION 523A(2)(a) OF THE BANKRUPTCY CODE

18. Based upon representations made by Debtor in the 341 Meeting of Creditors on November 3, 2020, Creditors have reason to believe that Debtor has misrepresented a number of issues with regards to her professional qualifications that led to Creditors engaging her services. As a result, the Debt owed to Creditors was incurred under false pretenses.

19. Furthermore, Creditors have reason to believe that Debtor has misrepresented herself under oath in these proceedings regarding her professional qualifications at the 341 Meeting of Creditors.

20. In addition, Creditors have reason to believe that the actual work done by Debtor for the Creditors was misrepresented, and that Debtor misrepresented that she would keep information regarding Creditors and their children confidential.

## COUNT II

## NON-DISCHARGEABILITY OF DEBT UNDER SECTION 523(a)(6) OF THE

## BANKRUPTCY CODE

22. Under Section 523(a)(6) of the Bankruptcy Code, a debt cannot be discharged if it was the result of a willful or malicious injury to another person or entity

23. In this case, the initial lawsuit filed by Creditors is the direct result of the Debtor's willful and malicious actions by not only violating the confidentially clause in the contract, but doing so in such a manner that was both willful and malicious and that caused Creditors considerable distress.

24. Furthermore, after the District Court Action was filed, either Debtor or someone acting on her behalf who had considerable knowledge of the Creditors and their children sent the malicious "Cat Armstrong" emails to Creditors who were, at that time, represented by counsel. These actions were both willful and malicious as the emails were not only sent purposefully, but they were sent with the intent to intimidate and harass Creditors into dropping their lawsuit against Debtor by, among other things, threatening the bar license of the one of the Creditors.

WHEREFORE, the Creditors pray as follows:

1. That the Court determine that the Debtor's debt to the Creditors, plus accrued interest from and after September 6, 2019, is non-dischargeable;

2. That Creditors have judgment against Debtor for $2,500.00 USD plus accrued interest from and after September 6, 2019;

3. That the discharge of Debtor from her debts to Creditors be denied;

4. That Creditors have such other and further relief as is just and proper, including reasonable costs for bringing this action.

Respectfully Submitted,

Creditors

_____
Mark A. Cotton.  ProSe

_____
Julie A. Cotton.  ProSe

Thursday, December 31, 2020

## CERTIFICATE OF SERVICE

We, the Creditors certify that the foregoing paper was served by mail on the following, Michael Goldstein, Esq. at the following addresses, Phillips Law Offices LLC, 161 S. Main Street, Building 2, Second Floor, Middleton MA 01949 and via email on December 31, 2020

_____

_____
Creditors